UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SINATRA YOUNG,

                Plaintiff,

          - against -

BEN SCHWADEL,

                Defendant.
------------------------------------------------------------X

**REPORT & RECOMMENDATION**
24-CV-4096 (DG) (LB)

**BLOOM**, **United States Magistrate Judge:**

    Plaintiff Sinatra Young commenced this *pro se* action against defendant Ben Schwadel invoking the Court's jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* ("*Bivens*"), 403 U.S. 388 (1971) (Complaint ("Compl."), ECF No. 1 at 1, 4). Plaintiff requests to proceed *in forma pauperis*. I grant plaintiff's request to proceed *in forma pauperis*, but for the reasons set forth below, I respectfully recommend to the Honorable Diane Gujarati, United States District Judge, that plaintiff's complaint as presently pled should be dismissed and plaintiff should be given 30 days to file an amended complaint.

## BACKGROUND

    The following facts are taken from the complaint and are assumed to be true. Plaintiff alleges that defendant, his landlord, harassed him and threatened to evict him from his apartment based on his disability. (Compl., ECF No. 1 at 4, 7-9.) Plaintiff also alleges that the building superintendent refuses to make repairs, places garbage bags at his door, and locks the side door of the building which does not allow plaintiff to urinate by that door as needed because of his disability. (*Id.* at 5, 9.) Plaintiff further alleges that he has filed complaints against defendant with the Division of Housing and Community Renewal ("DHCR"), a state agency, and in Housing

1

Court. (*Id.* at 8, 11; ECF No. 1-2.) Plaintiff seeks $100 million in damages, return of rent overcharges with interest, and injunctive relief (such as repairs to his apartment). (*Id.* at 14.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). But the Court need not accept as true "legal conclusions." *Iqbal,* 556 U.S. at 678. A *pro se* complaint is to be liberally construed*,* and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.   Plaintiff's *Bivens* Claim

At the outset, the Court notes plaintiff checks the box on the form complaint that he is bringing suit against "Federal officials (a *Bivens* claim)." (Compl., ECF No. 1 at 4.) This case cannot proceed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*

2

("*Bivens*"), 403 U.S. 388 (1971). A claim under *Bivens* allows a plaintiff to sue a person acting under federal law in certain circumstances for an alleged constitutional violation. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389); *see also Ziglar v. Abbasi*, 582 U.S. 120, 140 (2017) (recognizing only three types of *Bivens* claims and noting that "expanding the *Bivens* remedy is now 'disfavored'"). Here, plaintiff has not named a federal official or employee as a defendant. (*See generally*, Compl., ECF No. 1.) Accordingly, plaintiff's *Bivens* complaint against defendant Ben Schwadel, his landlord, should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Landlord-Tenant Claim

Plaintiff's complaint alleges longstanding landlord-tenant disputes concerning his rent and requested repairs to his apartment. Plaintiff attaches documents showing that he raised these claims in Housing Court. (*See* Compl., ECF No. 1-2 at 26-37.) These claims regarding his rent and repairs cannot proceed here because the federal court does not have subject matter jurisdiction over such matters. *Marcus v. Alem Enter., Inc.*, No. 23 CV 3884 (LTS), 2024 WL 54234, at *3 (S.D.N.Y. Jan. 2, 2024) ("Plaintiff's claims [such as a clogged toilet and lack of heat] do not fall under the court's federal-question jurisdiction") (citing cases); *Nichols v. Epstein*, No. 22 CV 3187 (LDH), 2023 WL 2305936, at *2 (E.D.N.Y. Mar. 1, 2023) ("It is long settled that federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.") (citing cases).[1] Accordingly, plaintiff's landlord-tenant claim should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

---

[1] The Clerk of Court is directed to send plaintiff the unreported cases cited herein.

### III.    Plaintiff's Fair Housing Act Claim

Liberally construing plaintiff's *pro se* complaint, the Court considers whether plaintiff's complaint alleges a plausible claim that defendant discriminated against him in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604 *et seq.* The FHA makes it unlawful "to discriminate against any person" on the basis of, among other things, "a handicap," and prohibits the "refusal to make reasonable accommodations … when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). *See also Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014).

Plaintiff attaches an April 15, 2002 decision from the Social Security Administration concluding that plaintiff "has been under a disability since October 15, 2000." (Compl., ECF No. 1-2 at 9, 11.)[2] He also attaches a "Heart to Heart Home Care" Plan from January 3, 2024 (*Id.*, ECF No. 1-2 at 13,) and a decision from the state agency DHCR dated March 23, 2022, issued following a conference attended by plaintiff and defendant regarding many of the same issues he raises in the instant complaint. (*Id.*, ECF No. 1-2 at 15-17.) The DHCR's decision states: "Tenant maintains the Superintendent said that Management does not accommodate Tenants with disabilities … Senior Manager denies that the Owner does not accommodate the Tenant's disability because the Owner tried to comply with the Tenant's request for an apartment on a lower floor, however no apartments were available." (*Id.*, ECF No. 1-2 at 16.) Plaintiff was told in the DHCR's conclusion and recommendation that "[i]f any service or repair issues remain outstanding, the tenant is advised that she [sic] may file a services complaint with this agency." (*Id.*, ECF No.

---

[2] The Clerk of Court shall redact or restrict access to the Social Security decision because it contains plaintiff's social security number. (*See* Compl., ECF No. 1-2 at 8-12.)

1-2 at 17.) Last, the DHCR's conclusion states "there are currently insufficient grounds to indicate and prove actual intent to harass by the owner." (*Id.*).

Plaintiff's present complaint is unclear as to what he is alleging defendant did or failed to do that violates the FHA. For example, plaintiff does not state his disability,[3] whether he requested an accommodation from defendant, a description of the accommodation he requested, and whether defendant failed to provide a reasonable accommodation.[4] At present, plaintiff's claim that defendant failed to accommodate his disability is conclusory and fails to state a claim. *See, e.g., Calixte v. Susan Ray Equities Inc.*, No. 21 CV 3623 (RPK), 2022 WL 118738, at *3 (E.D.N.Y. Jan. 12, 2022) (dismissing *pro se* complaint alleging FHA violation as insufficient).

## CONCLUSION

For the foregoing reasons, I respectfully recommend under 28 U.S.C. § 636 (b) that the present complaint should be dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3). I further recommend that if this Report is adopted, that plaintiff should be allowed to file an amended complaint within 30 days. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reding of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks omitted). Finally, if this Report is adopted and plaintiff fails to file an amended complaint within

---

[3] Plaintiff states: "bryan tell me his boss does not accommodate people with disability I understand because ben know I am sick with my heart, I have metal in my back, and I have arthritis in my knees." (Compl., ECF No. 1 at 10.) Although the Social Security Administration determined that plaintiff "has been under a 'disability'" since October 15, 2000 (*Id.*, ECF No. 1-2 at 11), plaintiff's present complaint fails to state a claim that defendant discriminated against him in violation of the FHA.

[4] Plaintiff alleges he is not allowed to urinate on the side of the building, but it is unclear how this violates the FHA.

5

30 days, I recommend that the Court should certify that no appeal would be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period.

Failure to file a timely objection to this Report generally waives any further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall send a copy of this Report and Recommendation to plaintiff and note the mailing on the docket.

SO ORDERED.

/S/<br>
LOIS BLOOM<br>
United States Magistrate Judge

Dated: October 17, 2024
      Brooklyn, New York